IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JATINDER KUMAR | * |
| Plaintiff | * |
| v. | * Case No.: 24-00799-DKC |
| HARVEY DIKTER, President, *Novitas Solutions, Inc.* | * |
| Defendant | * |

**************

## PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION TO DISMISS. OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

On July 1, 2024, a motion was filed on behalf of Defendant Harvey Dikter, President, Novitas Solutions, Inc. ("Defendant") to Dismiss, or In the Alternative, For Summary Judgment. As discussed below, this Motion to Dismiss contains blatant inaccuracies and has a number of contradictions and thus, this Motion to Dismiss must be rejected and the case should be set for hearing.

First, it should be pointed out that The Plaintiff has taken the legal action against Novitas Solutions, Inc. a privately owned corporation not the U.S. Government or Medicare. The arguments in support of the Plaintiff's Answer are presented below.

### I. INTRODICTION AND BACKGROUND

On February 7, 2024, Plaintiff Jatinder Kumar, ("Plaintiff") filed a Civil Action in the District Court of Montgomery County, Maryland ("Montgomery County District

Court"), Case No. D-06-C V-24-09078. A copy of this Civil Action ("Civil Action") is attached as Plaintiff's Exhibit 1. On February 8, 2024, the Montgomery County District Court established a hearing date of June 5, 2024. A copy of this order is attached as Plaintiff's Exhibit 2. On February 20, 2024, the Montgomery County District Court advised Plaintiff that a copy of the Civil Action was served to the Defendant on February 12, 2024. Please see Plaintiff's Exhibit 3. On March 18, 2024, the Defendant's Counsel filed with the Montgomery County District Court a Notice of Removal in which the Notice requested the Removal of the Civil Action from the Montgomery County District Court to the United States District Court for the District of Maryland ("U.S. District Court"). A copy of this Notice is attached as Plaintiff's Exhibit 4. The Plaintiff did not file any response to this Notice. On March 19, 2024, the District Court of Montgomery County issued an order cancelling the June 6 hearing. A copy of the order is attached as Plaintiff's Exhibit 5. On March 25, 2024, the Defendant's Counsel filed a Statement Pursuant to Standing Order 2021-13 of U.S. District Court of Maryland in which the Defendant Counsel defended its Notice of Removal in which the Counsels recommended the removal of the Civil Action from the District Court of Montgomery County to the U.S. District Court. On April 11, 2024, the Defendant Counsels submitted to the Montgomery District Court Papers to the U.S. District Court. On July 1, 2024, the Defendant filed Motion to Dismiss, or in the Alternative, for Summary Judgment ("Motion to Dismiss").

## II. ARGUMENTS IN SUPPORT OF THE PLAINTIFF'S ANSWER ("ANSWER")

In its Motion to Dismiss, the Defendant raised two main Points. First, "the Plaintiff did not follow with the Medicare's Administration Process and the Plaintiff, failed to submit its Claim to the Medicare in a timely manner. Thus, he did not exhaust the Administrative Process." Second, even if the Plaintiff had exhausted the Administrative Process, the Medicare does not cover home care. Both these points will be discussed belowin two different sections.

### A. ADMINISTRATIVE PROCESS

On Page 2, the Motion to Dismiss stated that before filing a legal action against Medicare, the Claimant must first request for payment and exhaust the Administrative Process which Plaintiff did not do. This is contrary to the facts stated by both the Plaintiff and the Defendant.

On Page 5, the Motion to Dismiss repeats its assertion that the Plaintiff's Legal Acton should be dismissed as he failed to exhaust administrative remedies. The Motion to Dismiss does not explain how and why all the documents filed by the Plaintiff with the District Court of Montgomery County and included as Defendant in Exhibit 2, Attachment A to the Motion to Dismiss., In fact, Defendant's Exhibit 2, Attachment A incorporates Plaintiff's Claim to Medicare which were submitted twice (See Page 5-33 of 105 submitted on October 3, 2022, the first Submission, and Pages 40-64 of 105 for the Second Submission made on November 30, 2022,). In Motion to Dismiss Exhibit 2. Attachment A, Defendant titled the submissions as "**J. Kumar's submissions.** A copy of CMS Form 1490S is attached as Defendant's Exhibit 2, Attachment A (Pages 41-45).

3

As indicated on Page 41 of 105, Plaintiff filed this form as the Provider or Supplier refused to submit the Claim to Medicare.

In response to both Submissions, Medicare sent to the same letter to the Plaintiff acknowledging the Claim to Medicare. Please see Pages 66-70 of Motion to Dismiss Exhibit 2, Attachment A.

In her Affidavit Patricia Kay Elizer testified that CGS Administration, LLC, a Medicare Administrative Contractor, stated that CGS never received a copy of the Plaintiff's Claim. (Exhibit 1 to the Motion to Dismiss). However, in her Affidavit (Exhibit 2 to the Motion to Dismiss) Ms. Jasmyn Davis stated the following:

> In the ordinary course of my work, I was assigned in late January 2023 to respond to a letter Jatinder Kumar sent to Harvey Dikter, Novitas's CEO, dated January 25, 2023. Mr. Kumar's letter included several attachments which I reviewed.
>
> <u>Attachment A</u> to this declaration consists of complete and accurate copies of five items of correspondence exchanged between Novitas and Mr. Kumar during the period October 2022 through January 2023.

Ms. Davis' Affidavit contradicts the Motion to Dismiss as well as Ms. Elizer's Affidavit. Not only Ms. Davis' acknowledged the receipt of the Plaintiff's Claim, in Defendant's Exhibit 2 Attachment A, she also included all the documents submitted earlier to Novitas and to the Montgomery County District Court by the Plaintiffs including Medicare Form CMS-1490S. Thus, Exhibit 2, Attachment A is an undeniable proof of the Plaintiff's submissions of Claim to Medicare. She also caused the refund of the other part of the Claim. If the Plaintiff submitted a proper claim, how can the Defendant asserts that the other part of the Claim was not properly filed. In his Affidavit, Mr. Craig Domnik (Exhibit 3 to the Motion to Dismiss) refers to a document related to Care Plus

4

which was attached to the Plaintiff's Legal Action.  So, he also acknowledged the receipt of the Plaintiff's Claim.  In her Affidavit, Ms. Patricia Kay Elizer (Exhibit 1 to Motion to Dismiss) stated that her department did not receive the Plaintiff's Claim.  It means that while the other two Medicare Contractors received the copies of the claim and all associated documents, for some unknown reasons, these were not forwarded by Novitas to Ms. Elizer. It is not clear why the Motion to Dismiss only relies on Ms. Elizer's affidavit and ignored the other two affidavits which acknowledged the receipt of claims by the Plaintiff.

When the Plaintiff did not get any respose from Novitas to both of his Submissions, on January 25, 2023 he wrote a letter to Novitas' President Mr. Dikter, (See Page 72 of 105 of Motion to Dismiss Exhibit 2, Attachment A. In his letter, the Plaintiff stated,

> After getting frustrated with Novitas, I am writing to you with the hope that you will be able to help me.  To start with, I must state that Novitas' customer service is one of the worst I have experienced.

Again, there was no response to the Plaintiff's January 25 letter.

In conclusion, the Defendant is totally wrong in stating that "Mr. Kumar did not properly and timely present his claim."  When the Plaintiff did not get any response to his requests, although he had exhausted all the Administrative Remedies, he was compelled to file the Legal Action.  The Motion to Dismiss at Page 4 quotes this which is presented below:

5

As pointed out above his claim was timely submitted to Medicare, a fact acknowledged by Motion to Dismiss Exhibits 1 and 2 and affidavits filed by Medicare's Contractors. The Plaintiff fully exhausted the Administrative Process.

### B. HOME CARE

On Page 2, the Motion to Dismiss stated,

> Second, even if Mr. Kumar had properly and timely exhausted the Agency's review procedures for his home health care related claim, the care provided is not covered by Medicare. Among other issues, there is no evidence that the home health company at issue is enrolled as a Medicare provider. Thue, Mr. Kumar fails to state a claim pursuant to FED. R. CIV. P. 12(b)(6).

However, on Page 10, Motion to Dismiss acknowledges that "Medicare covers only limited home health service".

In order for home health services to qualify for payment under the Medicare program the following requirements must be met:

> (a) The services must be furnished to an eligible beneficiary by or under arrangements with an HHA (home health agency) that-
> (1) Meets the conditions of participation for HHAs as Part 484

A letter from Dr. Sidhu, the physician attending the Plaintiff's deceased wife Vijaya Kumar of Suburban Hospital recommended Home Care for Vijaya Kumar who was transferred to her home. A copy of this letter is attached as Plaintiff's Exhibit 8. The Suburban hospital is registered as a Medicare Provider. The Social Service Department of the Suburban Hospital recommended Home Care Plus which was retained by the Plaintiff. Therefore, the Plaintiff satisfied the Medicare's requirements for the reimbursement of Home Care.

Suburban Hospital, Bethesda, Maryland and is registered as a Medicare Provider. As Medicare is responsible for covering the medical costs up to the allowable amounts, Medicare should be responsible for paying for Home Care.

### III. CONCLUSIONS

Following are the facts:

1. The Plaintiff timely submitted the Claims twice to Medicare. The receipt of the Submission by Medicare has been clearly established and even acknowledged by the Motion to Dismiss.
2. When the Plaintiff did not get any response from Novitas, i.e. after exhausting the Administrative Process, the Plaintiff was compelled to proceed with the Legal Action.
3. Home Care was recommended by a Medicare Provider Suburban Hospital.

### IV. RECOMMENDATIONONS

For the reasons explained above, the U.S. District Court musy reject the Defendant's Motion to Dismiss and Summary Judgment.

Respectfully submitted,

*[signature]*

Jatinder Kumar, Plaintiff
9809 Korman Ct.
Potomac. MD 20854
240-462-1019